D. S. MORGAN & CO. v. MAUL.

(Circuit Court, N. D. New York. January 12, 1898.)

PATENTS—ANTICIPATION AND INFRINGEMENT—HARROWS.

The La Dow patent, No. 415,113, for an improvement in harrows, consisting in the use of rotary spring-teeth, whether concave or not, in gangs angled relatively to the draft-line, was not anticipated by the Clark patent, No. 369,163, and is infringed by a harrow having similar spring-teeth, though the spring action therein is less in degree than in the teeth of the patented harrow.

This was a suit in equity by D. S. Morgan & Co. against Christian Maul for alleged infringement of a patent for an improvement in harrows.

George B. Selden, for complainant.
Josiah Sullivan, for defendant.

COXE, District Judge (orally). This action is brought for the infringement of letters patent, No. 415,113, granted November 12, 1889, to Charles La Dow for a new and useful improvement in harrows. The inventor in the specification says:

"So far as I am aware I am the first to use rotary spring-teeth, whether they be concave or not, in gangs which may be angled relatively to the draft-line."

The claims alleged to be infringed are as follows:

"(2) The combination of a gang-shaft set at an angle to the line of draft, and plate-spring harrow-teeth mounted thereon with their edges towards the soil, so as to constitute a rotary gang of spring harrow-teeth which cut through the soil edgewise and turn the earth. (3) The combination of a gang-shaft, spools, and concave spring harrow-teeth clamped between the spools and adapted to be set at an angle to the line of draft. (4) The combination of concave plate-spring harrow-teeth and a rotable support upon which they are mounted, said support being set at an angle to the line of draft, substantially as set forth." "(6) A revolving harrow-tooth composed of a bar or bars of spring metal adapted to vibrate laterally as the implement proceeds, said vibration being caused by the pressure of the earth against the concave side of the tooth, in combination with a support for maintaining said revolving tooth at an angle to the line of draft."

The defenses are lack of novelty and invention and noninfringement. Twenty-nine patents have been introduced by the defendant, but it is unnecessary to consider any of them except No. 369,163, granted to George M. Clark, August 30, 1887, for a disk harrow. This is unquestionably the best reference offered by the defendant. If the Clark patent does not anticipate or limit the claims in question, no other reference does. It shows every feature of the invention in controversy, with the single exception of the rotary spring-tooth; so that unless patentability can be found in this feature it can be found nowhere. Clark shows an ordinary disk harrow with the outer periphery of the disk cut away or notched in the form of teeth, one figure of the drawing showing the disk with a series of teeth bolted on its outer periphery. There is nothing either in the specification or drawings to indicate that the Clark structure possessed the feature of which novelty is predicated in the La Dow patent, viz.: the spring

action feature. The proof is clear that this feature is useful and that it produces results never produced before. I am convinced that the statement of the specification above quoted, that La Dow was the first to use rotary spring-teeth, whether concave or not, in gangs angled relatively to the draft-line, is substantiated by the proof.

The remaining question relates to infringement. The only controversy here is whether or not the defendant's teeth have the spring action of the patent? That they are dissimilar in shape and in the manner of attachment, and that the blades are shorter and somewhat wider than the blades shown in the La Dow patent, is unquestionably true, but that they have a spring action is also true. The defendant, himself, swears that he applied the identical test to the two structures and with a 30-pound strain his blade showed a yield of one-fourth of an inch and the complainant's three-eighths of an inch. The difference is one of degree only. The defendant cannot escape infringement by showing simply that his teeth have less spring action than those of the complainant. The undisputed fact that he uses teeth having spring action is sufficient to establish infringement. The complainant is not limited to the exact yield of the teeth described. If he were, any one who used a fraction more or less could escape. The complainant is entitled to the usual decree.